# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MELISSA FIELEKE,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 4:17-CV-28-JEM<br>) |
| NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff on March 27, 2017, and a Memorandum in Support of Complaint [DE 15], filed by Plaintiff on July 27, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On October 10, 2017, the Commissioner filed a response, and on October 23, 2017, Plaintiff filed a reply.

## I.     Procedural Background

On December 19, 2013, Plaintiff filed an application for benefits alleging that she became disabled on September 1, 2012. Plaintiff's application was denied initially and upon reconsideration. On December 17, 2015, Administrative Law Judge ("ALJ") Paul R. Armstrong held a video hearing at which Plaintiff, with an attorney representative, and a vocational expert ("VE") testified. On December 24, 2015, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant last met the insured status requirements of the Social Security Act on September 30, 2013.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of September 1, 2012, through her date last insured of September 30, 2013.

3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease and obesity.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. Through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) where the claimant could lift or carry 20 pounds occasionally and 10 pounds frequently, could stand or walk for six of eight hours during the workday, and could sit for six of eight hours during the workday.

6. Through the date last insured, the claimant was unable to perform any past relevant work.

7. The claimant was 42 years old, which is defined as a younger individual age 18-49, on the date last insured.

8. The claimant has a limited education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.

11. The claimant has not been under a disability at any time from September 1, 2012, the alleged onset date, through September 30, 2013, the date last insured.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate

Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "A reversal and remand may be required, however, if the ALJ committed

3

an error of law or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (citations omitted).

At a minimum, an ALJ must articulate her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III. Analysis

Plaintiff argues that the ALJ's assessment of Plaintiff's ability to work was not adequately supported and not based in the evidence of record. The Commissioner argues that the ALJ's opinion is supported by substantial evidence.

Appendix 1 of the disability regulations contains a "Listing of Impairments" that the SSA has predetermined are disabling regardless of a claimant's age, education, or work experience. 20 C.F.R. § 404.1525(a). The Listings first enumerate criteria necessary to establish that a claimant's diagnosis is based on acceptable medical evidence. 20 C.F.R. § 404.1525(c)(2). The remaining criteria establish the severity the impairment much reach to be considered disabling. 20 C.F.R. §

404.1525(c)(2). A claimant meets Listing 1.02 for major dysfunction of a joint if she has a "gross anatomical deformity . . . and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s)." 20 C.F.R. Pt. 404 Subpt P., App. 1, § 1.02. To meet the severity of the listing for a hip, knee, or ankle dysfunction, a claimant must also show "an inability to ambulate effectively." 20 C.F.R. Pt. 404 Subpt P., App. 1, § 1.02(A). In order to meet Listing 1.04 for disorders of the spine, a claimant must have a spinal disorder "resulting in compromise of a nerve root . . . or the spinal cord" and, among other things, "inability to ambulate effectively." 20 C.F.R. Pt. 404 Subpt P., App. 1, § 1.04(C). Effective ambulation requires an ability to "sustain[] a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living," and the Listing provides examples of ineffective ambulation including: "the inability to walk without the use of a walker, two crutches, or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces . . . [and] the inability to carry out routine ambulatory activities, such as shopping." 20 C.F.R. Pt. 404 Subpt P., App. 1, § 1.00(B)(2)(b).

In general, the claimant bears the burden of proving that his condition meets all the criteria of a listing. *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). However, an ALJ's listing determination "must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Barnett*, 381 F.3d at 668 (citing *Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003); *Scott*, 297 F.3d at 595-96; *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)). However, the ALJ failed to mention Listing 1.02 or its requirements, leaving the Court unable to determine whether he adequately considered Plaintiff's hip and knee disorders. In addition, Plaintiff argues that the ALJ

misstated the requirements of Listing 1.04. The ALJ stated that "needing a 'cane' is not enough to meet the criteria of 1.04, which requires a four pronged cane or walker to meet the assistive device criteria. The record is absent any prescription of a cane prior to the date last insured." However, the criteria of Listing 1.04 is that the claimant is unable to ambulate effectively, and gives use of a walker as an example of someone with an inability to ambulate effectively. Plaintiff argues that she used a walker for ambulation during much of the time period covered by the record, and testified that she had difficulties performing ambulatory tasks. The Listings require that "[t]he medical basis for the use of any assistive device . . . should be documented," but do not require a written prescription for a cane or walker. 20 C.F.R. Pt. 404 Subpt P., App. 1, § 1.00(J)(4). Plaintiff points out that her treating physician consistently documented her difficulties with gait and need for a walker, and argues that the record is replete with evidence of difficulties with ambulation. Because the ALJ ignored Plaintiff's use of a walker and misstated the requirements of Listing 1.04, the Court cannot conclude that he performed an adequate analysis of the listing. On remand, the ALJ is directed to thoroughly consider whether Plaintiff's impairments meet or equal Listings 1.02 and 1.04, with an accurate recitation of what those Listings require.

Plaintiff argues that the ALJ made other errors in his decision. On remand, the ALJ is directed to fully consider Plaintiff's testimony and the entirety of the record, including adaptations to activities of daily living, address how the combination of Plaintiff's impairments limit her ability to perform work-related activities, and to fully explain how the evidence in the record supports his conclusions. *See, e.g., Ross v. Barnhart*, 119 F. App'x 791, 795 (7th Cir. 2004) ("'The RFC is an assessment of what work-related activities the claimant can perform despite her limitations.' In considering a claimant's RFC, an ALJ is expected to take into consideration all relevant evidence,

both medical and non-medical.") (quoting *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004)); 20 C.F.R. §§ 404.1545(a)(1), (a)(3); 416.1545(a)(1), (a)(3)).

IV.  **Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Memorandum in Support of Complaint [DE 15] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 31st day of August, 2018.

                                                      s/ John E. Martin
                                                     MAGISTRATE JUDGE JOHN E. MARTIN
                                                     UNITED STATES DISTRICT COURT

cc:     All counsel of record